FILED

JUL 3 1 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

PROLOGIC MANAGEMENT SYSTEMS, INC., an Arizona corporation,

       Debtor.

Chapter 11

Case No. 4-04-00394-EWH

---

PROLOGIC MANAGEMENT SYSTEMS, INC., an Arizona corporation,

       Plaintiff,

v.

LEONARD, FELKER, ALTFELD, GREENBERG & BATTAILE, P.C., an Arizona professional corporation,

       Defendant.

Adversary No. 4-06-00044

**MEMORANDUM DECISION REGARDING ATTORNEYS' FEES AND COSTS**

Pending before the court is an objection to the fees of the law firm of Leonard Felker Altfeld Greenberg & Battaile, P.C. ("Leonard Felker"), counsel for Basis Inc. (Case No. 4-06-00393-EWH) and Prologic Management Systems, Inc. (Case No. 4-06-00394-EWH) ("Debtors") in these, previously dismissed, jointly administered, Chapter 11 cases. The cases were voluntarily dismissed on February 13, 2004 in conjunction with a turnover of most of the Debtors' assets to the senior secured creditor. The dismissal order ("Dismissal Order") provided that the Debtors' attorneys could retain their $50,000 retainer ("Retainer") to pay "reasonable and actual" attorneys' fees through a date that was 90 days after the date of the secured creditor's foreclosure sale on the Debtors' assets. Any remaining balance was to be

returned to the secured creditor. No fee application was filed by Leonard Felker prior to the cases' dismissal.

After the cases were dismissed, there was a change in management of the Debtors. The new management demanded an accounting of how the Retainer was spent. Leonard Felker responded that the entire Retainer had been expended. Thereafter, the Debtors' new management obtained an assignment of the secured creditor's rights to a refund of the balance of the Retainer under the Dismissal Order. When negotiations failed regarding what, if any, portion of the Retainer should be returned to the Debtors, new management moved, ex parte, to have the cases reopened and filed a complaint seeking disallowance of all of Leonard Felker's fees and costs and a turnover of the balance of the Retainer under the Dismissal Order. Leonard Felker filed a counterclaim and a "Report and Application for Attorney Fee and Costs." The parties have stipulated that the reasonableness of the fees, costs charged and the amount of any refund may be determined without further litigation or presentation of evidence. This Memorandum Decision will, therefore, determine all of the parties' rights regarding the Retainer.

After reviewing the fee application, the docket in the cases, the complaint, counterclaim and objection to the fee application, the court holds as follows:

1. A refund must be made to the Debtors of all attorneys' fees incurred before the February 2, 2004 Chapter 11 filing date.

2. Because most of the time in the fee application has been lumped and because some of the time spent appears excessive given the results achieved, an across-the-board reduction in fees (but not costs) will be made.[1] Such across-the-board reductions are proper in situations where the time entries have not been itemized. In re Staggie, 255 B.R. 48, 55-6

---

[1] The practice of lumping is often defined as grouping two or more separate and unrelated activities in one billing entry. Lumping destroys a court's ability to review counsel's work for reasonableness. In re Racing Services, Inc., No. 04-30236, 2004 WL 2191585 at *4 (Bankr. D. N.D. Jul. 14, 2004); see also In re Nucorp Energy, Inc., 764 F.2d 655, 658 (9th Cir. 1985).

(Bankr. D. Idaho 2000). Courts also have wide discretion in determining the reasonableness of fees. <u>Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.</u>, 924 F.2d 955, 960-61 (9th Cir. 1991). Accordingly, an across-the-board reduction of 30% in fees charged from the petition date to dismissal date will be assessed. No reduction in costs, including the reimbursement of the $750 filing fee, will be assessed and no reduction will be charged against the time spent in preparing the fee application.

Counsel for current management of the Debtors is directed to lodge an appropriate form of order and, after all applicable appeal times have run, is directed to lodge orders dismissing Adversary No 4-06-00044 with prejudice and closing the Debtors' cases.

Dated this 31st day of July, 2006.

*[signature]*
EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

Copies of the foregoing mailed
this 31st day of July, 2006 to:

Michael M. Neal
Law Office of Michael M. Neal, P.C.
110 South Church Avenue, Suite 4298
Tucson, AZ 85701

Clifford B. Altfeld
Leonard Felker Altfeld Greenberg & Battaile, P.C.
250 North Meyer Avenue
Tucson, AZ 85701-1090

By *[signature]*
Judicial Assistant